FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
HECTOR MUNIZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HECTOR MUNIZ, | Case No: |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; AETNA LIFE INSURANCE COMPANY; and, PRAXAIR INC. GROUP LONG TERM DISABILITY PLAN, | |
| Defendants. | |

Plaintiff alleges as follows:

    1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

    2.    The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

1  Those avenues of appeal have been exhausted.

2  3. Plaintiff is informed and believes and thereon alleges that the Praxair, Inc. Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Praxair, Inc. ("PRAXAIR"), to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, HECTOR MUNIZ ("Plaintiff" and/or Mr. MUNIZ"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges upon information and belief that Defendant, AETNA LIFE INSURANCE COMPANY ("AETNA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

6. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant HARTFORD, which fully insured the policy and which is ultimately liable if Plaintiff is found disabled, may be found in this district. Plaintiff alleges upon information and belief that, since on or about July 10, 1973, HARTFORD has been registered as a corporation with the State of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

7. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant AETNA, which fully insured the policy and which is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about January 13, 1904, AETNA has been registered as a corporation with the state of

California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

8. At all relevant times Plaintiff was a resident of California, an employee of PRAXAIR, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

9. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number 0656164 (the "Policy") that had been issued by Defendants HARTFORD, AETNA, and the Plan (collectively, "Defendants") to PRAXAIR to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

10. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should he become disabled. Therefore, Defendants both fund and decide whether claimants will receive benefits under the Plan and as such suffer from a structural conflict which requires additional skepticism.

11. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, Defendants promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 26 Weeks
- Gross Disability Benefit: 60% of Plaintiff's Monthly Rate of Basic Earnings (MRBE).
- Test of Disability:
    - From the date that you first become disabled and until Monthly Benefits are payable for 24 months, you will be deemed to be disabled on any day if:
        i. You are not able to perform the material duties of your own occupation solely because of: disease or injury; and
        ii. Your work earnings are 80% or less of your adjusted pre-disability earnings.
    - After the first 24 months that any Monthly Benefit is payable during

        a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of:

            i. Disease; or

            ii. Injury

12. Prior to his disability under the terms of the Plan, Plaintiff, who had been employed with PRAXAIR, was working as a Logistics Supervisor.

13. On or about September 19, 2017, Plaintiff became disabled as defined by the terms of the Plan and timely submitted a claim to Defendants for payment of disability benefits.

14. Defendants initially approved Plaintiff's claim and paid Plaintiff LTD benefits under the Policy.

15. However, on or about March 19, 2020, Defendants unreasonably and unlawfully denied his long term disability claim. And, on or about June 4, 2020, Defendants unreasonably and unlawfully upheld the denial of the disability claim.

16. In so doing, Defendants unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Policy.

17. Additionally, Defendants knew, or should have known, that the documentation submitted to and/or obtained by Defendants clearly substantiated Plaintiff's disability and entitled him to benefits under the Plan.

18. To date, even though Plaintiff has been disabled, Defendants have not paid Plaintiff any disability benefits under the Policy since on or about March 19, 2020. The unlawful nature of Defendants' denial decision is evidenced by, but not limited to, the following:

- Defendants engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; and

- Defendants failed to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and

- Defendants ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claim; and

- A Defendants ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, Defendants' highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

19. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

20. As a direct and proximate result of Defendants' failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plan since on or about March 20, 2020.

21. As a further direct and proximate result of the denial of benefits, Plaintiff

has incurred attorney fees and costs to pursue this action, and is entitled to have such fees and costs paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

22. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan's definition of disability and consequently is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of his claim through the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about March 20, 2020, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees and costs incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: March 8, 2022

DarrasLaw

FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
HECTOR MUNIZ